**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02660-NYW

ANDERSON DE JESUS SIERRA PRIETO,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,[1]

Respondents.

---

# ORDER

---

This matter is before the Court on Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner is a noncitizen who is currently detained at the ICE Contract Detention Facility in Aurora, Colorado. [*Id.* at 1, 2]. He seeks, among other things, a Court order directing Respondents to immediately release him from custody or provide a bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at 5].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted for Robert Hagan, David Venturella is automatically substituted for Todd Lyons, and Todd Blanche is automatically substituted for Attorney General.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado so long as Petitioner remains in Respondents' custody. This order does not preclude Respondents from removing Petitioner from the United States pursuant to a final order of removal. This order shall remain in effect unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition, the Clerk of Court is **DIRECTED** to **SERVE** Respondents with a copy of the Petition, the Motion, any accompanying papers, and this Order via certified mail, *see* Fed. R. Civ. P. 4(i)(2), at the following addresses:

Juan Baltazar, Warden
Aurora ICE Processing Center
3130 North Oakland Street
Aurora, CO 80010

United States Immigration and Customs Enforcement
500 12th Street, SW
Washington, DC 20024

United States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

It is further **ORDERED** that, within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **21 days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1) The Clerk of Court is **DIRECTED** to serve Respondents with a copy of the Petition, any accompanying papers, and this Order and to enter a Certificate of Service;

(2) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3) Any reply shall be filed no later than **21 days** after the Response is filed;

(4) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado so long as Petitioner remains in Respondents' custody, unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order; and

(5) A copy of this Order shall be sent to:

Anderson de Jesus Sierra Prieto
A# 246735492
ICE Aurora Contract Detention Facility
3130 North Oakland St.
Aurora, CO 80010

DATED: July 13, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge